# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW HORWATH, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:22-CV-03031-DGK-SSA |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Matthew Horwath's application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including intervertebral disc disorder with radiculopathy of the lumbar sacral region, spondylolisthesis of the lumbosacral region, spondylosis of the thoracic spine, cervical disc disorder with myelopathy of the mid-cervical region, osteoarthritis of the left shoulder and right knee, bilateral carpal tunnel syndrome ("CTS") (status post bilateral release surgeries), obesity, and mental impairments variously described as anxiety and post traumatic stress disorder ("PTSD"). Nevertheless, the ALJ found that he retained the residual functional capacity ("RFC") to perform unskilled, light work with additional limitations, including work as a packing header, a blade balancer, and a bakery worker.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for disability insurance benefits on August 28, 2019, alleging a disability onset date of August 21, 2014. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. On June 8, 2021, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on December 17, 2021, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are "supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternative outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff argues that the ALJ erred at Step Four by (1) improperly evaluating the state agency consultants' opinions, and (2) failing to properly incorporate Plaintiff's CTS into the RFC determination and limit him accordingly. *See* Pl.'s Brief at 10–13, ECF No. 10. As such, Plaintiff concludes the RFC is not supported by substantial evidence.

**I.  The ALJ did not improperly evaluate the state agency consultants' opinions in formulating Plaintiff's RFC.**

Plaintiff's argument on this point is three-fold. According to Plaintiff, the ALJ (1) failed to articulate the consistency and supportability factors when analyzing the state agency consultants' opinions; (2) improperly considered their familiarity with Agency disability policy; and (3) relied "entirely" on their opinions in formulating Plaintiff's RFC. *Id.* at 10–12. Defendant argues this is "an impermissible request to reweigh the evidence," that ALJs may consider expertise as a factor, and that the ALJ did not rely entirely on the state agency consultants' opinions in formulating Plaintiff's RFC. *See* Df.'s Brief at 4–5, ECF No. 11. The Court addresses each argument in turn.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

## A. The ALJ properly articulated the consistency and supportability factors.

First, Plaintiff argues the "ALJ defended the supportability and consistency of the non-examining state agency physicians in terms that were conclusory" rather than analyzing how those opinions were supported by and consistent with the record. *See* Pl.'s Brief at 11–12.

Because Plaintiff filed his application for disability in 2019, the new regulations apply. The new regulations require the ALJ to focus on the persuasiveness of a medical opinion using the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(a)-(c). Supportability and consistency are the most important factors to consider, and an ALJ must explain how both of those factors are considered. 20 C.F.R. § 404.1520c(b)(2). An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal. *See Bonnett v. Kijakazi*, 859 Fed. App'x. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (reversing where ALJ evaluated supportability factor but not consistency factor). ALJs need not explain in their decision how they considered the other factors. 20 C.F.R. § 404.1520c(b)(2).

Here, with regard to the state agency medical consultant, the ALJ stated:

> [T]he prior administrative medical findings of the state agency medical consultant was found persuasive as to limited light residual functional capacity, with secondary limitations generally parallel to the findings herein. The consultant is a physician with knowledge of Social Security programmatic regulations and provided a detailed narrative regarding the assessment that was generally supported by and consistent with the available evidence at the time of the review, and remains generally so at the hearing level, although some additional secondary limitations (e.g., manipulation) were included due to additional evidence available at the hearing level, including some recurrence of carpal tunnel symptoms. Nevertheless physical examinations demonstrate waxing and waning of symptoms, with overall functioning preserved such that the residual functional capacity finding is supported, despite the claimant's demonstrated obesity in combination with orthopedic impairments.

R. 147. Similarly, with regard to the state agency psychological consultant, the ALJ stated:

> The prior administrative medical findings of the state agency psychological consultant was found persuasive as to the presence of mental impairments resulting in findings of "B" criteria functioning and mental residual functional capacity generally parallel to the findings herein. The consultant is a psychologist with knowledge of Social Security programmatic regulations and provided a detailed narrative regarding the assessment that was generally supported by and consistent with the available evidence at the time of the review, and remains generally so at the hearing level, although some additional limitation as to concentration, persistence, or pace was credited herein due to additional evidence available at the hearing level, including evidence of distraction from social interaction.

R. 148.

After each of these statements, the ALJ cited various portions of the Record that align with the state agency consultants' opinions, thereby demonstrating supportability and consistency. *See Brewster v. Kijakazi*, No. 4:20-CV-00771-DGK, 2022 WL 385508, at *3 (W.D. Mo. Feb. 8, 2022) (finding ALJ properly explained factors by stating the opinion was "supported internally by explanation and the inclusion of findings from the record" and was consistent with the evidence as a whole). Although the ALJ certainly could have written more, albeit on an already 19-page decision, "an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (internal quotation marks omitted).

Even assuming, arguendo, that the ALJ erred in failing to explain the supportability and consistency factors, this failure would constitute harmless error. An error is harmless when the claimant fails to "provide some indication that the ALJ would have decided differently if the error had not occurred." *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012); *see also Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021); *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008) ("[A]n ALJ's failure to adequately explain his factual findings is not a sufficient reason for setting aside an administrative finding where the record supports the overall determination." (internal

quotation marks omitted)). Remand is not required where an error is harmless. *See Lucus v. Saul*, 960 F.3d 1066, 1067 (8th Cir. 2020).

It is Plaintiff's burden to show that any error was not harmless, and Plaintiff has failed to meet that burden here. *Byes*, 687 F.3d at 917. Plaintiff has not provided any indication that the ALJ would have decided differently had she more thoroughly articulated the factors. In fact, Plaintiff never argues the state agency consultants' opinions are unsupported by and/or inconsistent with the Record, only that the ALJ failed to explain those factors adequately. And while Plaintiff states the ALJ's acceptance of these opinions "came at the expense of that of [Plaintiff's counselor] Tory Spurgin," Plaintiff does not indicate how the opinions differ or how this changes the outcome.[2] Pl.'s Brief at 12. Regardless, the ALJ explicitly found Tory Spurgin's mental assessment—"indicating serious limitation, inability to meet competitive standards, and 'no useful ability to function,' in numerous functional areas"—was not persuasive in that it was inconsistent with other provider findings[3] and Plaintiff's reported ability to maintain custody of, care for, and recently homeschool his three minor children. R. 148. Accordingly, any error was harmless.

---

[2] Instead, Plaintiff segues into a discussion expressing his distaste with how the new regulations did away with the Treating Physician's Rule. *See Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (explaining that "[u]nder the current regulations . . . treating physicians are not entitled to special deference") (citing 20 C.F.R. § 404.1520c(a)). However, it is not the Court's role to question the new regulations.

[3] For instance, at various other times, Plaintiff reported as "[o]riented to time, place, person [and] situation. No agitation. No anhedonia. Not anxious. Appropriate mood and affect. Behavior is appropriate for age. No compulsive behavior. Patient is not in denial. Not fearful. No flight of ideas. Not forgetful. No grandiosity. No hallucinations. Not hopeless. Appropriate affect. No increased activity. No memory loss. Not paranoid. Normal insight. Normal judgment. Normal attention span and concentration. No pressured speech. No suicidal ideation." R. 148, 717–18; *see also* R. at 664, 737, 760, 782.

**B. The ALJ properly considered the state agency consultants' familiarity with Agency disability policy.**

Second, Plaintiff argues, although indirectly, that the ALJ wrongfully considered the non-examiner's personal knowledge of Social Security programmatic regulations in deciding the persuasiveness of those opinions. Pl.'s Brief at 11. The regulations, however, specifically state an ALJ may consider "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements" when considering medical findings. 20 C.F.R. § 404.1520c(c)(5). Thus, this argument fails.

**C. The ALJ did not rely entirely on the state agency consultants' opinions in formulating Plaintiff's RFC.**

Third, Plaintiff argues that the ALJ relied "entirely" on the persuasiveness of the state agency consultants in formulating Plaintiff's RFC. *See* Pl.'s Brief at 10 (header). This argument is also without merit. The ALJ specifically stated that while the state agency consultants were persuasive, he credited "some additional secondary limitations (e.g., manipulation)" and "additional limitations as to concentration, persistence, or pace . . . due to additional evidence available at the hearing level[.]" R. 147–48.

**II. The ALJ did not fail to properly incorporate Plaintiff's CTS into the RFC determination and limit him accordingly.**

Finally, Plaintiff argues that substantial evidence does not support the ALJ's RFC assessment because it fails to account for residual problems caused by his CTS. Thus, Plaintiff believes the determination that he can handle and finger frequently is not an adequate restriction. Pl.'s Brief at 12–13.

A claimant's RFC is the most the claimant can do despite his physical or mental limitations. *See* 20 C.F.R. § 404.1545(a)(1). "The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and

7

Case 6:22-cv-03031-DGK   Document 12   Filed 06/07/23   Page 7 of 8

others, and an individual's own description of [his] limitations." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quotation omitted). As noted above, we will not disturb an ALJ's RFC finding as long as it is supported by "substantial evidence in the record as a whole." *Igo*, 839 F.3d at 728.

Here, the ALJ found that Plaintiff had the RFC to "perform light work . . . [and perform] frequent fingering and handling bilaterally[.]" R. 142. Substantial evidence supports this finding. The ALJ explained that Plaintiff has a treatment history for bilateral CTS, status post bilateral release surgeries, and that physical examinations showed "hand pain with range of motion and/or digit popping with movement." R. 145; *see* R. at 698. Yet, at other times physical examinations and patient reports express normal findings including intact fine motor skills and no difficulty using his hands, *see, e.g.*, R. 145, 398, 1076, 1098, leading the ALJ to determine Plaintiff's "symptoms are [not] as pervasive as to be disabling[.]" R. 146. Notably, the ALJ considered Plaintiffs EMG/nerve conduction studies from 2021 in making this determination. R. 145, 1142.

While Plaintiff does not explain how the Record supports greater limitations, "[w]hether the ALJ should have provided *additional* limitations amounts to a disagreement over the weighing of evidence within the record, and 'it is not this Court's role to reweigh that evidence.'" *Austin v. Kijakazi*, 52 F.4th 723, 731 (8th Cir. 2022) (quoting *Schmitt*, 27 F.4th at 1361). Ultimately, the ALJ's RFC determination is supported by substantial evidence.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: June 7, 2023 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT